IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Commonwealth of Virginia,                          )
                                                   )
        Plaintiff,                                 )
                                                   )
    v.                                             )    Case No. 1:26-cv-932 (RDA/WEF)
                                                   )
Lawrence Charles,                                  )
                                                   )
        Defendant.                                 )

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Lawrence Charles' ("Defendant"), a Virginia inmate

proceeding *pro se* pursuant to 28 U.S.C. § 1443, Motion for the removal of his criminal prosecution

pending in the Circuit Court of Loudoun County, Virginia: *Commonwealth v. Lawrence Charles*,

Case Nos. CR24-547-00 through CR24-552. Dkt.1 at 18. Defendant alleges that the actions of

judges, law enforcement, prosecutors, and others are prohibiting him from enforcing his rights

under 42 U.S.C. §§ 1981, 1985, and 1986, as well as the Respect for Marriage Act. *Id.* at 18-24.

The allegations are based upon Defendant's objections to rulings of the trial court being overruled

and motions that he has made being denied in various court proceedings. Defendant alleges that

he is currently proceeding *pro se* in the criminal proceedings.[1] The Motion will be denied, and the

criminal proceeding is remanded to the Circuit Court of Loudoun County.

---

[1] Because Defendant has failed to provide a copy of the record, the Court has examined the
online records related to his case. The online records establish that Defendant was indicted on
May 20, 2024, for strangling, in violation of Virginia Code § 18.2-51.6; abduction by
force/intimidation, in violation of Virginia Code § 18.2-47; malicious wounding, in violation of
Virginia Code § 18.2-51; and three counts of violation of a protective order, in violation of Virginia
Code § 16.1-253.2. Defendant was in the Alexandria City Adult Detention Center on that date,
and the Circuit Court of Loudoun County entered a transportation order. Defendant was arraigned
on the indictment on May 23, 2024. *Virginia's Judicial System*, Case Status and Information,

The only way to remove a criminal case from state court is under 28 U.S.C. § 1443, which allows for such removals where a defendant is being denied equal rights under law. "'The party seeking removal bears the burden of showing removal is proper.'" *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, 120 F.4th 390, 398 (4th Cir. 2022) (quoting *Mayor of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (citation omitted). Further, "'[b]ecause removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.'" *Republican Nat'l Comm.* 120 F.4th at 398 (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Under current law, the petition for removal in the above-captioned case is subject to summary dismissal under 28 U.S.C. § 1446(c) because it is untimely under that section, which provides that a petition for removal of a criminal case must be filed within thirty (30) days after the arraignment in state court. As noted herein, Charles was indicted almost two years ago and was arraigned shortly thereafter.

Additionally, even if removal of this case had been timely, it does not fall within the parameters of § 1443. Removal of Defendant's criminal case under 28 U.S.C. § 1443(1) is improper because the pleadings do not show any inability to enforce a federal civil rights law guaranteeing racial equality. *See Hodges v. Demchuk*, 866 F. Supp. 730, 733 & n. 4 (S.D.N.Y. 1994).

> Section 1443 was a product of Congress' efforts to afford equal protection to African Americans who were being denied or could not enforce equal or civil rights in state courts. This removal section is an adjunct to the Civil Rights Act of 1964. § 2000a et seq. *Rachel v. State of Georgia*, 342 F.2d 336 (5th Cir. 1965), *aff'd*,384

---

Circuit Courts, Loudoun Circuit Court, https://www.courts.state.va.us/courts/scv/home, (search "Charles, Lawrence," last viewed on July. 22. 2026); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (collecting cases); *Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online); *see, e.g., Howard v. Sharrett*, 540 F. Supp. 3d 549, 551 n.1 (E.D. Va. 2021). In addition to being untimely, Charles has not served the Commonwealth with his motion for removal.

2

U.S. 780 (1966). Stated differently, the phrase in § 1443 "any law providing for... equal civil rights" has been interpreted to mean "any law providing for specific civil rights stated in terms of racial equality." [*New Mexico v.*] *Tartaglia*, 365 F. Supp. [171,] 173 (D.N.M. 1973) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" *is insufficient* for § 1443 removal. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Thus, "broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under. § 1443(1)." *Id.*

*New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006) (emphasis added). Here,

Defendant alleges his rights are being violated because his objections and motions have been

denied or overruled, in essence his pre-trial proceedings have been a sham.[2] First, a federal district

court cannot grant removal under § 1443(1) solely based on "[c]laims that prosecution and

conviction will violate rights under constitutional or statutory provisions of general applicability

. . . ." *Johnson*, 421 U.S. at 219. Moreover, allegations that "removal petitioner will be denied due

---

[2] For example, Defendant complains that when he was arrested, the Deputy arresting him did not tell him why he was being arrested and the Deputy simply transported him to the Sheriff's Office where he was questioned by a detective. Dkt. 1 at 18. The Complaint continues stating the alleged victim "never asked for any criminal charges," and that the detective "was behind" the criminal charges "being obtained against" Defendant. *Id.* at 18-19. Defendant's litany of complaints continues—a judge would not let his attorney argue a bond motion; another judge heard the appeal of the bond motion even though the judge had a conflict of interest; the judge at the preliminary hearing argued on behalf of the prosecutor and found probable cause even though the victim testified Defendant was "innocent;" the only witness at grand jury proceeding was the detective; the judge allowed a prosecutor 45 minutes to argue a point and only allowed Defendant three minutes; Defendant's motion to compel discovery in paper format was denied because he had been given a DVD and the prosecutor proffered Defendant would have access to the contents of the DVD at the jail; the judge, prosecutors and others "covered up" a sexual relationship between the victim and a lawyer; and a judge denied his motion to prohibit the use of hearsay without giving him sufficient time (less than two minutes) to argue. *Id.* at 19-23. Defendant's proffer to support the criminal prosecution was about race is conclusory, asserting that "similarly situated white males wouldn't have gone through as much obstacles as" Charles. *Id.* at 23. To state a claim, Chrles had to name a similarly situated white male. "Establishing discriminatory effect requires a plaintiff to show that similarly situated individuals of a different race were treated more favorably. *See* [*United States v.*] *Armstrong*, 517 U.S. [456,] 465 [(1996)]. A plaintiff may make this showing by (1) naming similarly situated individuals of a different race who were treated differently by law enforcement; or (2) providing statistics that address this question." *Johnson v. Holmes*, 782 F. App'x 269, 277 (4th Cir. 2019). Charles has made no showing.

3

process of law because the criminal law under which he is being prosecuted is allegedly vague *or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." Id.* (emphasis added). Second, the court must find "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State, which normally requires that the denial be manifest in a formal expression of state law." *A & D Sec. Consultants v. Gray*, 481 F. App'x 63 (4th Cir. 2012) (quoting *Johnson*, 421 U.S. at 219).

Defendant is dissatisfied with the rulings in his pending criminal proceedings, but his dissatisfaction does not warrant removal. "Discriminatory prosecution based on the most corrupt of motives will not warrant removal. Even if it is alleged that state courts tacitly permit such discrimination, removal is not permissible." *Bar Asso. of Baltimore City v. Posner*, 391 F. Supp. 76, 83-84 (D. Md. 1974) (citing *Commonwealth of Virginia v. Wallace*, 357 F.2d 105 (4th Cir.) (en banc), *aff'd per curiam*, 384 U.S. 891 (1966)).

> The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966); *see also South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts.").

Finally, to the extent Defendant may be seeking injunctive relief, the federal courts may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, which have not been presented here. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). With respect to any criminal conviction in the state courts of Virginia, the

4

appropriate federal action is a petition for habeas corpus relief under 28 U.S.C.§ 2254, which can only be pursued in this Court after the defendant has been convicted and sentenced, and after which he has exhausted his direct appeals and all collateral state court proceedings.

Accordingly, it is hereby ORDERED that this this case is remanded to the Circuit Court of Loudoun County, Virginia, for disposition; and it is

FURTHER ORDERED that motion to proceed *in forma pauperis*, Dkt. 2, is DISMISSED as MOOT; and it is

FURTHER ORDERED that the "Motion Requesting the Court have the Commonwealth of Virginia File All the Court Process and Pleadings and All Orders on Behalf of Defendant," is DISMISSED as MOOT.

To appeal, Defendant must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order Defendant wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to Lawrence Charles, and to interested parties—the Clerk, Circuit Court for Loudoun County, and to the Commonwealth Attorney of Loudoun County—and to close this civil action.

Entered this ___22___ day of ___July_____ 2026.

Alexandria, Virginia

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

5